UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NANCY SHINABARGAR,<br><br>　　　　　Plaintiff,<br>　v.<br>Board of Trustees of the University of the District of Columbia, et al.,<br><br>　　　　　Defendants. | Case No. 3:14-cv-00072-MMD-WGC<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 25) |

  Before the Court is a motion to dismiss ("Motion") filed by Defendants Board of Trustees of The University of The District of Columbia ("UDC"), Katherine S. Broderick, Annamaria Steward, Marc Strothers, Larry Volz, Thomas Mack, Kemit Mawakana, Mohamed Taqi Tirmazi, and Karen Evans (dkt. no. 25). The Court has reviewed Plaintiff Nancy Shinabargar's opposition (dkt. no. 36) and Defendants' reply (dkt. no. 41). For the reasons discussed below, the Court grants the Motion in part and transfers this matter to the U.S. District Court for the District of Columbia.

  Between August 2011 and February or March 2012, Plaintiff was enrolled in UDC's David A. Clarke School of Law (the "Law School"). (*See* dkt. no. 12 ¶¶ 4, 20, 123.) Plaintiff resides in Nevada; she relocated to Washington, D.C., to attend the Law School. (*Id.* ¶¶ 2-3.) Proceeding pro se, Plaintiff alleges that during her time at the Law School, UDC and several individuals associated with the institution denied her reasonable accommodations for her physical disability and subjected her to retaliatory disciplinary processes. She asserts that Defendants' actions violated her constitutional

rights and her rights under federal disability and civil rights statutes, and gave rise to other common law causes of action. (*Id.* at 50-59.)

Plaintiff initiated this action on February 4, 2014. (Dkt. no. 1-1.) Plaintiff filed a First Amended Complaint as a matter of course in March 2014. (Dkt. no. 12; *see* dkt. no. 11.) Defendants filed the Motion on June 10, 2014, seeking dismissal for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and improper pleadings pursuant to Rules 8(a) and 12(b)(6). (Dkt. no. 25.) In the alternative, Defendants request a transfer of this matter under 28 U.S.C. §§ 1404 and 1406 to the U.S. District Court for the District of Columbia, where UDC is located and where the incidents at issue in this matter took place. (*Id.* at 12.) In her opposition brief, Plaintiff states that "she would accept a transfer of venue to [the] U.S. District Court in Washington, D.C., in the 'interests of justice,' with accommodation made for her ADA-qualifying disability." (Dkt. no. 36 ¶ 62.) In light of the fact that the parties do not dispute a transfer to the U.S. District Court for the District of Columbia, the Court finds that such a transfer would be in the interest of justice. The Court need not resolve Defendants' jurisdictional arguments before transferring this matter. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

It is ordered that Defendants' Motion to Dismiss (dkt. no. 25) is granted in part. This matter is to be transferred to the United States District Court for the District of Columbia.

DATED THIS 4th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE